DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INNOVATIVE COMMUNICATION | ) | Case No. 07-30012 (JKF) |
| CORPORATION, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Adv. No. 09-03074 (JKF) |
| | ) | |
| | ) | |
| NORTH SHORE REAL ESTATE | ) | |
| CORP., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. 2013-09 |
| JAMES P. CARROLL, LIQUIDATION | ) | |
| TRUSTEE OF THE LIQUIDATION | ) | |
| TRUST FOR THE BANKRUPTCY | ) | |
| ESTATES OF INNOVATIVE | ) | |
| COMMUNICATION COMPANY, LLC, | ) | |
| EMERGING COMMUNICATIONS, | ) | |
| INC., AND INNOVATIVE | ) | |
| COMMUNICATION CORP. | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

ATTORNEYS:

**Jeffrey B. Moorehead, Esq.**
**Jeffrey B.C. Moorehead, Esq.**
Jeffrey B.C. Moorehead, P.C.
St. Croix, U.S.V.I.
      *For North Shore Real Estate Corp.*

**Benjamin A. Currence, Esq.**
Law Offices of Benjamin A. Currence
St. Thomas, U.S.V.I.
    *For James P. Carroll, Liquidation Trustee.*

**ORDER**

**GÓMEZ, J.**

On January 31, 2013, North Shore Real Estate Corporation ("North Shore") filed a notice of appeal from the January 15, 2013, "Order Denying Motion for Reconsideration Of The Default Judgment," (Doc. No. 44), of the United States Bankruptcy Court for the District of the Virgin Islands.

Thereafter, on February 1, 2013, the Clerk of the Court issued a scheduling order (the "Scheduling Order"). The Scheduling Order required North Shore to file and serve the designation of record and a statement of issues within 10 days of the date of the order, "failing which the Appeal may be dismissed for failure to prosecute." Further, the Scheduling Order required North Shore to file and serve their brief within 30 days of the order. North Shore has failed to fully comply with the Order. Specifically, North Shore has filed its designation of record, but has failed to file its brief.

On October 17, 2013, this Court ordered North Shore to show cause, no later than November 1, 2013, why this matter should not be dismissed for failure to prosecute. North Shore did not respond. Because North Shore has failed to file their appellants' brief, the above-captioned appeal may be dismissed for failure to prosecute. *See, e.g.*, *In re E Toys Inc.*, 263 Fed. App'x 235, 238, 2008 WL 241367 at *2 (3d Cir. Jan. 30, 2008) (affirming the district court's dismissal of a bankruptcy appeal based on the appellant's "repeated failures to adhere to ordered briefing deadlines") (unpublished).

*In re Innovative*
Civil No. 2013-09
Order
Page 3

The Court of Appeals for the Third Circuit has set forth six (6) factors to be balanced in deciding whether to dismiss a case as a sanction: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Court need not find that all of the *Poulis* factors weigh against the opposing party to find that dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989).

The first factor the Court must consider is the extent of the appellant's personal responsibility. *Poulis*, 747 F.2d at 868. The Court notes that North Shore has counsel, and that counsel has access to the docket and this Court's electronic filing system. The Court also notes that there has been no allegation made that such representation is inadequate. Since the Court's October 17, 2013, Order, North Shore has not filed a brief in this matter, nor has such a brief been served on the appellee. Thus, the first factor weighs in favor of dismissal.

The second *Poulis* factor this Court must consider is prejudice to the opposing party. *Poulis*, 747 F.2d at 868. "Generally, prejudice

includes the irretrievable loss of evidence, the inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008)(internal quotation marks and citation omitted). There has been no allegation that any of those harms have been suffered in this case. While it is conceivable that witnesses' memories may have dimmed, nothing has been presented to this Court to suggest that has occurred. Furthermore, the record indicates that Carroll has not been forced to file a significant number of motions in this appeal. As such, the second factor weighs against dismissal.

The third factor considers whether the non-moving party has a history of dilatoriness. *Poulis*, 747 F.2d at 868. As pointed out in *Curtis T. Bedwell & Sons v. Intl. Fidelity Ins. Co.*, 843 F.2d 683 (3d Cir. 1988), "[i]n *Poulis*, one failure to answer interrogatories and a failure to file a pre-trial statement were sufficient to support a dismissal." *Curtis T. Bedwell*, 843 F.2d at 694. The circumstances in the instant case, a failure to respond to the Scheduling Order or to respond to any of the commands of the Court's October 17, 2013, Order, for nearly five months, rises to at least the level of that in *Poulis*. Thus, the third factor favors dismissal.

The fourth factor considers whether the conduct of the party or the attorney was willful or in bad faith. *Poulis*, 747 F.2d at 868. Here there is no evidence indicating either that North Shore's failure to comply with this Court's orders was in bad faith, or that it was

not. As such, this factor does not favor either dismissal or an extension of time.

The fifth factor looks at the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 868. "In general, a sanction should be directed toward the particular abuse that has occurred." *Andrews v. Gov't of the Virgin Islands*, 1321 F.R.D. 405, 413 (D.V.I. 1990) *aff'd*, 935 F.2d 1280 (3d Cir. 1991). Here the Scheduling Order instructed North Shore to file a brief in this matter within thirty days of the order. The October 17, 2013, Order instructed North Shore to show cause, in writing, why this matter should not be dismissed for failure to prosecute no later than November 1, 2013. Failure to file an appellate brief may generally be sanctioned by dismissal or an extension of time by which to file. *See, e.g.*, *In re E Toys Inc.*, 263 Fed. App'x 235, 238, 2008 WL 241367 at *2 (3d Cir. Jan. 30, 2008). The October 17, 2013, Order, instructing North Shore to show cause why this matter should not be dismissed for failure to prosecute, did not lead to compliance. As such, it seems unlikely that an extension of time to file in this matter would result in a more favorable outcome. The only remaining sanction typically employed in this circumstance is dismissal. Thus, the fifth factor favors dismissal.

Finally, the sixth factor considers the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. As the Court has previously noted, North Shore has failed to file a brief in this

*In re Innovative*
Civil No. 2013-09
Order
Page 6

matter. As such, the Court lacks sufficient information from which to determine the merit of their contentions.

The premises considered, it is hereby

**ORDERED** that North Shore's appeal is **DISMISSED** for failure to prosecute; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this file.

S\_____
**Curtis V. Gómez
District Judge**